## THE SPRINGFIELD FIRE AND MARINE INSUR-ANCE COMPANY *vs.* FRANK M. REYNOLDS.

*Waiver of Provision in Insurance Policy as to Time of Bringing Suit.*

Upon the happening of a loss under a policy of fire insurance, plaintiff, the insured, sent proof of his loss to the company, saying that if the proof was insufficient he would correct the same.   No reply was made to this or to two subsequent letters.   Some weeks afterwards, the defendant's agent wrote that the first paper sent in was so carelessly made out that he did not feel called upon to enlighten plaintiff for the benefit of his claim against the company.   In reply to a subsequent demand, the defendant's agent said that he neither admitted nor denied liability and referred plaintiff to the policy as the contract by which they were to be bound.   *Held*, that this conduct of the defendant was unfair, that such failure to perform its duty to the plaintiff amounted to a denial of its liability, and was a waiver of the provision in the policy that a loss under it should not be payable until the expiration of sixty days after receipt of proof of loss, and that the plaintiff was entitled to sue at once.

*Decided December 4th, 1907.*

Appeal from the Superior Court of Baltimore City(SHARP, J.)

The cause was argued before BOYD, SCHMUCKER, BURKE and ROGERS, JJ.

*S. Johnson Poe* and *Edgar Allan Poe*, for the appellant.

*John C. Rose* and *John L. G. Lee*, for the appellees.

BURKE, J., delivered the opinion of the Court.

Frank M. Reynolds sued the appellant, a corporation, in the Superior Court of Baltimore City, on a policy of insurance, and from a judgment rendered against it in that suit it has appealed.   The suit was instituted on the 11th day of May, 1906, and the declaration is precisely similar to the one filed in the preceding case of the *Continental Insurance Company* v. *Reynolds*, *ante*, except as to the date on which the

policy is alleged to have been issued. Certain legal questions, arising under the "*Iron Safe Clause*" of the policy, were presented under the defendant's third and fourth prayers which were refused, but under an agreement incorporated in the record these questions are not to be considered in this case.

The questions raised upon the record for our determination are: first, was the suit properly brought under the Act of 1886, chapter 184, known as the speedy judgment Act of Baltimore City? secondly, was the suit prematurely brought? In the preceding case we held that a suit on a fire insurance policy could be brought under that Act.

This appellant, as the evidence shows, did not act fairly and frankly with the policy holder, and its conduct is utterly irreconcilable with the recognition of its responsibility under the policy. The record shows that the first proofs of loss were mailed to John J. Babcock, the General Agent for the defendant company, on March 12th, 1906, accompanied by a letter from Mr. Lee in which he said: "We have made this proof of loss up as near as we could to conform to your rules. If it is insufficient please advise us and we will endeavor to correct the same." To this no answer was received, and on the 15th of March Mr. Lee again wrote asking for a reply. On the 16th of March he wrote directly to the company at Springfield, Illinois, and said that he had sent to Mr. Babcock, the company's agent at Philadelphia, on the 10th inst., the proof of loss; there was an error in the date mentioned, for while the letter enclosing the proof of loss was dated March 10th, it was not actually mailed until the 12th. In his letter to the company Mr. Lee said: "You have never seen fit to acknowledge the receipt of any of my letters though your agents here, McVomas and Kroh, admitted to me that you received the proof of loss. I went to Philadelphia on the 21st inst., to see you about this loss, but missed you, and they said you were here in Baltimore examining this loss, as you called up your agent Record at Bel Air." No response was made to this letter, and on the 30th of March Mr. Lee again wrote Babcock saying: "Please let me have answer to

my recent communications in regard to the loss of Frank M. Reynolds at Level, Md.   We have tried to comply with your rules in making proof of loss, and would like to have our money."

The first response, which Mr. Lee received from Babcock was the letter of April the 5th, twenty-four days after the first letter was written to him.   In this letter Mr. Babcock wrote to Mr. Lee saying: "The very careless manner in which you made out the first paper sent in which you claim full amount of the policy, while your statement in the same papers showed you to be in error, and also your asking for an immediate payment of the face of the policy when the same under the plain conditions of said policy would not be due until sixty days after satisfactory proof were received at the Home Office of the Company, indicated such negligence or carelessness that as a business proposition, *I did not feel called upon to enlighten you for the benefit of your claim against the company which you seem so very desirous to have me do."*

On the 16th of April Mr. Lee wrote to Mr. Babcock saying that if he did not hear from him to the contrary by Friday the 20th inst., he would take his action as a refusal to pay, and would bring suit.   Mr. Babcock answered his letter on the 19th of April in this way: "Replying to yours of the 16th inst., I have to say that I assume no control or custody of your conjectures, or construction of my actions, but if you assume to construe them as you state in your letter you will do—such construction will be without regard for the statement or the facts, otherwise you could not assume what you claim to.   My statement was very plain and clear, that I neither admitted nor denied liability, and for that reason would not ask Mr. Reynolds to perform any act for the company whatever."   Mr. Lee wrote two subsequent letters to Mr. Babcock, one on the 25th, and one on the 27th of April.   In the letter of the 25th he complained that he could get no satisfactory answers to his letters and in one of the 27th he wrote: "That common honesty requires you to state your position, and not delay the matter longer."   In reply to this Mr. Bab-

cock wrote: "Your policy is the contract by which we are both to be governed, and I again refer you to the same for information."

The Court will not permit the company to thus trifle with its policy holders.   These letters of the company's agent evince a total lack of appreciation of the duty owed by the company to the plaintiff, and tend strongly to show that the company had decided not to pay the loss unless it was compelled to do so.   Upon the evidence contained in the record, and under the principles stated in the case of the *Continental Insurance Company* v. *Reynolds, ante,* the first and second prayers of the defendant were properly refused.   It follows that the judgment must be affirmed.

> *Judgment affirmed with costs above and below.*